UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

HORACE RUSSELL,

                               Plaintiff,        **AMENDED COMPLAINT**

                  -against-               13 CV 1733 (WFK) (RLM)

THE CITY OF NEW YORK, DET. WASHINGTON      **JURY TRIAL DEMANDED**
MOSQUERA, P.O. TEARLE CONNELL, and DET.
ALBERT JACKSON, individually and in their official
capacities,

                         Defendants.

--------------------------------------------------------------------X

       Plaintiff HORACE RUSSELL, by his attorney, ROSE M. WEBER, complaining of the

defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

       4.     Venue is properly laid in the Eastern District of New York under U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff HORACE RUSSELL is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants DET. WASHINGTON MOSQUERA, P.O. TEARLE CONNELL, and DET. ALBERT JACKSON were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **INCIDENT FACTS**

13.     On July 3, 2012, at approximately 3:30 p.m., plaintiff HORACE RUSSELL was lawfully present outside his place of employment at 196 Rockaway Parkway, in the County of Kings, in the City and State of New York.

14.     Plaintiff HORACE RUSSELL was the super for the building and was wearing paint-spattered work clothes.

15.     As plaintiff HORACE RUSSELL was unlocking the gate to an alleyway next to the building, he was suddenly accosted by defendants DET. WASHINGTON MOSQUERA, P.O. TEARLE CONNELL, and DET. ALBERT JACKSON.

16.     Defendants handcuffed plaintiff HORACE RUSSELL and placed him under arrest on narcotics charges, despite defendants' knowledge that they lacked probable cause to do so.

17.     Defendants transported plaintiff HORACE RUSSELL to the 67th Precinct of the New York City Police Department in Brooklyn, New York.

18.     At the 67th Precinct, one defendant police officer got out of the car.

19.    The other two defendant police officers then drove plaintiff HORACE RUSSELL approximately one block away from the precinct, let him out of the car, uncuffed him, and said in sum and substance, "We're not driving you back."

20.    At that time, the first defendant police officer walked up and instructed the other two to handcuff plaintiff HORACE RUSSELL again.

21.    Plaintiff HORACE RUSSELL was then transported back to the 67th Precinct and from there to Brooklyn Central Booking.

22.    Plaintiff HORACE RUSSELL was held and detained in custody for approximately thirty-six hours.

23.    Defendants initiated criminal proceedings against plaintiff HORACE RUSSELL despite defendants' knowledge that they lacked probable cause to do so.

24.    During the period between July 3, 2012 and August 2, 2012, plaintiff HORACE RUSSELL was required to make numerous visits to a drug program, pursuant to the conditions for having been released upon his own recognizance.

25.    Program attendance would not have been a condition of plaintiff HORACE RUSSELL's release had defendants not provided false information to prosecutors and to the court.

26.    On or about August 2, 2012, all charges against plaintiff HORACE RUSSELL were dismissed.

27.    As a result of the foregoing, plaintiff HORACE RUSSELL sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## MONELL FACTS

28.     Both before and after the arrest of plaintiff HORACE RUSSELL, a custom and practice of lawlessness and corruption pervaded Queens and Brooklyn narcotics operations.

29.     As a direct result of this custom and practice, defendants in the instant matter felt free to arrest plaintiff HORACE RUSSELL without probable cause and to manufacture evidence against him.

30.     This custom and practice was first exposed in January of 2008, when four officers from Brooklyn South Narcotics were arrested and charged with criminal offenses.

31.     The on-going custom and practice in Queens and Brooklyn was confirmed in October of 2011 in sworn testimony by former NYPD officer Steven Anderson.

32.     Upon information and belief, because of the custom and practice of corruption and lawlessness in Queens and Brooklyn, approximately 400 criminal prosecutions had to be dismissed by the Queens County and Kings County District Attorney's Offices.

33.     Both before and after the arrest of plaintiff HORACE RUSSELL, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

34.     The existence of quotas may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals"; from the information provided by police officers Adrian Schoolcraft, Adil Polanco, and Craig Matthews; from audiotapes secretly recorded at the 81st Precinct in September 2010; and from sworn testimony by NYPD officers during the 2013 trial of *Floyd v. City of New York*, No. 08 Civ. 1034, in the Southern District of New York.

35.     Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiff HORACE RUSSELL without probable cause.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

38.     All of the aforementioned acts deprived plaintiff HORACE RUSSELL of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     As a result of the aforesaid conduct by defendants, plaintiff HORACE RUSSELL was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

44.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Each and every individual defendant had an affirmative duty to intervene on plaintiff HORACE RUSSELL's behalf to prevent the violation of his constitutional rights.

47.     The individual defendants failed to intervene on plaintiff HORACE RUSSELL's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

48.     As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and malicious prosecution.

**FOURTH CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants issued legal process to place plaintiff HORACE RUSSELL under arrest.

51.     Defendants arrested plaintiff HORACE RUSSELL in order to obtain a collateral objective outside the legitimate ends of the legal process.

52.     Defendants acted with intent to do harm to plaintiff HORACE RUSSELL without excuse or justification.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants created false evidence against plaintiff HORACE RUSSELL.

55.     Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

56.     Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

57.     In creating and forwarding false information to prosecutors, defendants violated plaintiff HORACE RUSSELL's constitutional right to a fair trial under the Sixth Amendment and under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants misrepresented and falsified evidence before the District Attorney.

60.     Defendants did not make a complete and full statement of facts to the District Attorney.

61.     Defendants withheld exculpatory evidence from the District Attorney.

62.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff HORACE RUSSELL.

63.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff HORACE RUSSELL.

64.     Defendants acted with malice in initiating criminal proceedings against plaintiff HORACE RUSSELL.

65.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff HORACE RUSSELL.

66.     Defendants lacked probable cause to continue criminal proceedings against plaintiff HORACE RUSSELL.

67.     Defendants acted with malice in continuing criminal proceedings against plaintiff HORACE RUSSELL.

68.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

69.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff HORACE RUSSELL's favor on August 2, 2012, when all charges against him were dismissed.

## SEVENTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants arrested and incarcerated plaintiff HORACE RUSSELL in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said

arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

72.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

73.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

74.      The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a)       wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

b)       manufacturing evidence against individuals allegedly involved in drug transactions;

c)       arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

75.      The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the factual allegations in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

- **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

- **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698;

- **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457;

- **Jose Colon v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0008;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Charles Gaylord v. City of New York,** United States District Court, Southern District of New York, 12 Civ. 5905;

- **Leslie McDonald v. City of New York,** United States District Court, Eastern District of New York, 12 CV 3778;

- **Robert Birch v. City of New York,** United States District Court, Eastern District of New York, 10 CV 1584;

- **David Barker v. City of New York,** United States District Court, Eastern District of New York, 09 CV 5610;

- **Nathaniel McClary v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5359;

- **Michael Torres v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5361;

- **Ronald Rose v. City of New York,** United States District Court, Eastern District of New York, 10 CV 3069;

- **Roddrick Ingram v. City of New York,** United States District Court, Eastern District of New York, 11 CV 2696; and

- **Peter Miller v. City of New York,** United States District Court, Eastern District of New York, 11 CV 4757.

76.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff HORACE RUSSELL.

77.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff HORACE RUSSELL as alleged herein.

78.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff HORACE RUSSELL as alleged herein.

79.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff HORACE RUSSELL was falsely arrested and incarcerated and maliciously prosecuted.

80.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff HORACE RUSSELL.

81.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff HORACE RUSSELL's constitutional rights.

82.     All of the foregoing acts by defendants deprived plaintiff HORACE RUSSELL of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from seizure and arrest not based upon probable cause;

      C.     To be free from malicious abuse of process;

      D.     To be free from unwarranted and malicious criminal prosecution;

      E.     Not to have cruel and unusual punishment imposed upon him; and

      F.     To receive equal protection under the law.

83.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars  ($1,000,000.00).

**WHEREFORE**, plaintiff HORACE RUSSELL demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           August 19, 2013


                             _____/s_____
                             ROSE M. WEBER (RW 0515)
                             225 Broadway, Suite 1607
                             New York, NY 10007
                             (212) 748-3355